IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EUGENE DONALD SONGETAY,

                      Petitioner,

v.

LARRY FUCHS,

                      Respondent.

OPINION and ORDER

21-cv-227-jdp

---

Eugene Donald Songetay has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the sentence he received for a 2016 burglary conviction in state court. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. *See also* 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).

Songetay's primary contention is that the sentencing court relied on inaccurate information. Specifically, he says that the court relied on a false statement by one of the victims that she was in the home at the time of the burglary.

All criminal defendants have a due process right to be sentenced on the basis of accurate information. *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010). But to prevail on a challenge to a sentence on this ground, a defendant must not only point to inaccurate information that was presented to the sentencing court, but he must show also that the information was material, and that the court actually relied on the information when imposing a sentencing. *Id.* A sentencing court "relies" on misinformation by "giv[ing] explicit attention

to it, found[ing] its sentence at least in part on it, or giv[ing] specific consideration to the misinformation before imposing sentence." *Id.* (internal citations and quotation marks omitted). It is the defendant's burden to prove by clear and convincing evidence that the sentencing court relied on material misinformation. *United States v. Walton*, 907 F.3d 548, 552 (7th Cir. 2018).

Songetay raised the same issue with the Wisconsin Court of Appeals, and that court rejected Songetay's argument because there was no evidence that the sentencing court relied on the inaccurate information. *See State v. Songetay*, No. 2018AP1371-CR (Wis. Ct. App. Jan. 7. 2020). The court of appeals said that the sentencing court did not mention the inaccurate information when exercising its sentencing discretion. In fact, the sentencing court stated, "[E]ach of the victims was significantly impacted by the defendant's actions and conduct, regardless of whether they were at home at the time of the intrusion." Instead, the sentencing court discussed the following factors: (1) the large number of burglaries that Songetay committed in a short time; (2) Songetay's criminal history; (3) some of the victims were Songetay's friends; (4) Songetay failed to voluntarily seek drug treatment while he was on supervision; and (5) the victims' "property was violated, their trust was violated, and they ended up with losses only some of which can be compensated through the criminal court system."

Songetay doesn't identify any basis in his petition for challenging the court of appeals's finding. He cites statements from the sentencing transcript that the court was required to consider the victims' perspective, that the victims' "peace of mind was shattered," that the burglaries involved "an invasion of someone's safety," and that the sentence must "give the public the protection it needs." But none of those statements indicate that the court was

considering the presence of a victim in the house during the burglary. Rather, all of the statements could apply to virtually any burglary. So it plainly appears that Songetay is not entitled to relief on his due process claim.

Songetay raises one other issue, but it doesn't require extended discussion. Specifically, he says that the sentencing court misstated the maximum prison sentence for burglary. This appears to be a semantic issue. The court stated that the maximum prison sentence is 12.5 years; Songetay says that the maximum amount of time *in prison* is 9.85 years when one takes into account Wisconsin's Truth-in-Sentencing law. Regardless, Songetay's prison sentence is only five years, so any misstatement was harmless.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted). For the reasons stated, reasonable jurists would not debate whether Songetay has alleged a violation of his due process rights. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Eugene Donald Songetay's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and this case is DISMISSED.

2. Songetay is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered June 30, 2021.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge